IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

IN RE: Jeremy H. Gray        *   CHAPTER 13
       SSN: 4474        *   CASE NO.
DEBTORS        *

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) or the debtor(s) employer shall pay to the trustee the sum of **$180.00 monthly**.
2. From the payments so received, the trustee shall make disbursements as follows:
   (a) The Trustee percentage fee as set by the United States Trustee
   (b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the first payment designated here will be added to the pre-petition arrearage claim) **None**
   (c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| First Community Bank | $25.00 |

   (d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. **None**
   (e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INT. | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| First Community Bank | $19,512 | $3,000 | 4 | 2001 Ford F150 | $89.00 |

   (f) Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $3,000.00 to be paid as follows: **Pursuant to Current Administrative Order on the Attorney Fee Awards**
   (g) After the above are paid, distribution will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows: **None**
   (h) The following collateral is surrendered to the creditor: **None**
   (i) The following domestic support obligations will be paid over the life of the plan: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will not include interest. Interest can only be included if the plan is proposing to pay all claims in full.) **None**
   (j) The following unsecured claims are classified to be paid at 100% These payments will be paid simultaneously with payment of the secured debts: **None**
   (k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.
   (l) The debtor(s) will be the disbursing agent on the following debts: **Fifth Third Bank shall be paid direct by Katie Gray. HSBC/Polaris shall be paid direct by co-signer, Katie Gray.**
   (m) Special provisions:
      1. Payments to the trustee shall be made as follows: **Directly by Debtor**.
      2. Upon discharge of the Debtor(s), **titles to all vehicles**, free of creditors liens, shall be returned to the debtor(s).
      3. Upon discharge of the Debtor(s), and pursuant to § Section 522 (f), all non-possessory non-purchase money interest(s) in household goods and furnishings, wearing apparel, appliances, and jewelry are avoided to the extent of the debtor's exemptions as to the following:
      4. Upon discharge of the Debtor(s), all judicial lien(s) in all property of the debtor, acquired both pre-filing and post-filing, are avoided to the extent allowed by law including but not limited to the following:
      5. Upon discharge of the Debtor(s), and in addition to other relief provided under Federal Law, all tax liens, either local, state or federal, shall be void as to any future acquired property and to any increase in equity in any property currently held by the debtor(s).
      6. Debtor has been advised that the Debt to N/A does not pay interest of penalties but that interest and penalties will continue to accrue and will be due and payable to N/A at the completion of the bankruptcy.
   (n) Debtors will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)
      1. Debtor will pay all of this disposable income as shown on Form B22C of $0 to the non priority unsecured creditors in order to be eligible for a discharge.
      2. If the debtor filed a Chapter 7 case, the unsecured creditors would receive $0. Debtor will pay this amount to the priority and other unsecured credits in order to be eligible for discharge.
      3. The debtor will pay $0 to the general unsecured creditors to be distributed prorata.
   (o) General unsecured creditors whose claims are duly proven and allowed will be paid as follows:
      **the debtor(s) will make payments for 36 months and anticipates a dividend of 0%, but will also exceed the highest amount shown in paragraph (n)(1), (n)(2) or (n)(3) above.**

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The chapter 13 Trustee will no an is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Dated: August 12, 2011                          /s/ Jeremy H. Gray
                                                Jeremy H. Gray- Debtor